1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

MAHMOOD KISWANI, et al.,

No. C-14-4252 MMC

12

Plaintiff,

13

v.

14

JOHN KERRY, et al.,

15

Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS; DISMISSING
AMENDED COMPLAINT WITHOUT
LEAVE TO AMEND; VACATING
HEARING**

16
17

Before the Court is the Motion to Dismiss, filed August 3, 2015, by defendants John

18

Kerry, Michael Alan Ratney, James Fellows, and the United States Department of State.

19

Plaintiffs Mahmood Kiswani ("Kiswani") and Jamal Mah'd Hussein Alksswani ("Alksswani")

20

have not filed opposition.[1]  Having read and considered the papers filed in support of the

21

motion, the Court finds the matter suitable for determination thereon, VACATES the

22

hearing scheduled for September 11, 2015, and rules as follows.

23

**BACKGROUND**

24

In the operative pleading, the Amended Complaint for Writ of Mandamus ("AC"),

25

plaintiffs allege that Kiswani, a citizen of the United States, filed a "I-130 Petition for Alien

26

Relative" on behalf of Alksswani, who is a citizen of the Palestinian Authority and the father

27
28

_____

[1]Under the Local Rules of this District, opposition was due no later than August 17,
2015.  See Civil L.R. 7-3(a).

of Kiswani.  (See AC ¶¶ 6-7, 12.)  Plaintiffs also allege that said petition was approved in April 2011 (see AC ¶ 12), and that, thereafter, Alksswani submitted an "Immigrant Visa Application," which application was denied on December 16, 2014, by the United States Consulate in Jerusalem, Israel.  (See AC ¶¶ 13, 26.)  According to plaintiffs, Alksswani's application was denied by letter "indicating only that his application had been denied for 'Section 212(a)(3)(B)'" (see AC ¶¶ 26),[2] which stated reason, plaintiffs assert, is not a "facially legitimate and bona fide reason" for denying the application (see AC ¶ 34).

Based on the above factual allegations, plaintiffs assert five "Counts," by which they seek the following relief:  (1) issuance of a writ of mandamus, pursuant to the Mandamus Act, directing defendants to "provide a facially legitimate and bona fide basis for denying the Immigrant Visa Application" (see AC ¶ 54); (2) an order compelling defendant, pursuant to the Administrative Procedure Act, to "provide a facially legitimate and bona fide reason for denying [the] Immigrant Visa Application (see AC ¶¶ 62, 63); (3) an order finding Kiswani has a right under the Fifth Amendment's Due Process Clause to "freedom in his choice of family life" and that defendants' failure to provide a "constitutionally valid, facially legitimate reason for government denial of [the] application" deprived Kiswani of his due process rights (see AC ¶¶ 72, 74); (4) a declaration, under the Declaratory Judgment Act, that defendants "failed to properly and correctly discharge their mandated official duties" (see AC ¶ 78); and (5) an award of costs, pursuant to the Equal Access to Justice Act.

**DISCUSSION**

Defendants move for dismissal of the instant action on the ground that each of plaintiffs' claims is barred by Kerry v. Din, 135 S. Ct. 2128 (2015).[3]  The Court, as discussed below, agrees.

In Din, the plaintiff, a United States citizen, challenged the government's denial of a

---

[2]"Section 212(a)(3)(B)" is a reference to 8 U.S.C. § 1182(a)(3)(B), a section of the Immigration and Naturalization Act that "lists a wide variety of conduct that renders an alien inadmissible due to 'terrorist activities'."  See Din v. Kerry, 718 F.3d 856, 859 (9th Cir. 2013), rev'd on other grounds, 135 S. Ct. 2128 (2015).

[3]Din was decided after plaintiffs filed their AC.

visa application that had been submitted by her non-citizen husband, where the consular officer who made the determination "informed [the husband] that he was inadmissible under § 1182(a)(3)(B) but provided no further explanation." See id. at 2132.  Asserting her "constitutional right to live in the United States with her spouse," see id. at 2131, the plaintiff in Din, as do the plaintiffs in the instant case, alleged that the government's citation to "§ 1182(a)(3)(B)" was not an "adequate explanation," see id., and sought issuance of a writ of mandamus and a declaratory judgment, as well as relief under the Administrative Procedure Act and Due Process Clause.  Writing for a plurality, Justice Scalia, joined by Chief Justice Roberts and Justice Thomas, found the plaintiff was not entitled to relief, holding the denial of her husband's visa application did not "implicate[ ] any of [her] fundamental liberty interests" and, consequently, "any explanation" was more than the Constitution required.  See id. at 2135-36, 2138.[4]  Justice Kennedy, concurring in the judgment and joined by Justice Alito, assumed without deciding that the plaintiff had a protected liberty interest, but concluded "the [g]overnment satisfied any obligation it had to provide [the plaintiff] with a facially legitimate and bona fide reason for its action when it provided notice that [her] husband was denied admission to the country under § 1182(a)(3)(B)."  See id. at 2141.[5]

        "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . ."  Marks v. United States, 430 U.S. 188, 193 (1977) (internal quotation and citation omitted; ellipsis in original).  As Justice Kennedy's concurrence in Din is the narrower opinion, his concurrence represents the holding of the Supreme Court.  See id.

//

---

        [4]Justice Scalia also noted that the husband, who was not a named plaintiff, had "no cause of action to press in furtherance of his claim for admission," in light of his status as "an unadmitted and nonresident alien."  See id. at 2131.

        [5]Justice Breyer, joined by Justices Ginsburg, Sotomayor, and Kagan, dissented.

1    Although the plaintiff in Din based her claims on her "constitutional right to live in the

2    United States with her spouse," see Din, 135 S. Ct. at 2131, whereas plaintiffs herein base

3    their claims on Kiswani's asserted "liberty interests to make personal choices with regard to

4    family matters" (see AC ¶ 39), the claims here and in Din are, in all other respects,

5    essentially indistinguishable.  Consequently, even assuming Kiswani has a protected liberty

6    interest, the government's "citation of § 1182(a)(3)(B) . . . indicates it relied upon a bona

7    fide factual basis for denying a visa to [Alksswani]," see Din, 135 S. Ct. at 2140, and the

8    inclusion of said citation in its letter of denial "satisfied any obligation it might have had to

9    provide [plaintiffs] with a facially legitimate and bona fide reason for its action," see id. at

10   2141.

**CONCLUSION**

12   For the reasons stated above, the motion to dismiss is hereby GRANTED, and the

13   Amended Complaint is hereby DISMISSED without leave to amend.

14   **IT IS SO ORDERED.**

16   Dated:  August 27, 2015

MAXINE M. CHESNEY
United States District Judge

4